IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DONALD R. LECHNER,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL FINANCE, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING IN PART MAGISTRATE'S ORDER AND ALLOWING LIMITED ADDITIONAL DISCOVERY<br><br><br><br>Case No. 2:03 CV 709 TS |

This matter is before the Court for consideration of Plaintiff's Objection to Magistrate Judge's July 1, 2005, Order Denying Plaintiff's Motion to Compel and Granting Defendant's Motion to Strike.

The Magistrate Judge denied the Motion to Compel[1] for two reasons.  One, because it was filed simultaneously with new discovery requests that are the subject of the Motion. Two, because the requests were not consistent with this Court's March 8, 2005 Order that Plaintiff be allowed to re-file his First Motion to Compel, which was addressed to the First

---

[1]Docket No. 71.

Set of Interrogatories.[2]  The Magistrate Judge also granted the Defendant's Motion to Strike Plaintiff's March 17, 2005 discovery requests.[3]

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[4]  Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[5]  Courts recognize that wide discretion is given the magistrate judge in discovery rulings.[6]

It appears that Plaintiff did not technically follow the Court's directive in its March 8, 2005 Order.  Pursuant to that Order, the Court affirmed the Magistrate Judge's earlier Order denying a Motion to Compel "without prejudice, to the filing of a new Motion to Compel . . . any new Motion to Compel shall be filed within ten days . . . and shall be limited to issues related to Plaintiff's claims under the ADEA."[7]  That March 8, 2005 Order

---

[2] First Set of Interrogatories and First Request for Production of Documents.

[3] The March 17, 2005 discovery requests consists of Plaintiff's Second Set of Interrogatories and Plaintiff's Second Set of Requests for Production of Documents to Defendant, copies attached to Docket No. 71.

[4] 28 U.S.C. § 636(b)(1)(A).

[5] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, (10th Cir. 1988)(quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[6] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

[7] March 8, 2005, Order Overruling Plaintiff's Objection to Magistrate Order and Scheduling Order.

dealt with Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents. Rather than re-filing a Motion to Compel limited to the portion of its First Set of Interrogatories related to the ADEA claims, Plaintiff filed new discovery requests[8] and, simultaneous with those new requests, a new Motion to Compel.[9]

Plaintiff contends that the Magistrate Judge's Order is in error because the 2005 discovery requests are merely revisions of its First Set of Interrogatories that, with two exceptions, merely clarified or renumbered the First Set of Interrogatories. Defendant contends that the Magistrate Judge's Order should be upheld on the record.

The Court finds no error in the Magistrate Judge's Order that Rule 37 does not permit a motion to compel addressed to discovery requests filed the same day. Accordingly, the Court will affirm the Magistrate Judge's denial of the Second Motion to Compel and striking the main part of the 2005 discovery requests.

But the Court finds that Defendant's position on the requested discovery has been hypertechnical[10] when the spirit of the rules would require that information about Plaintiff's ADEA claim be disclosed. It was the Court's intention in its March 8, 2005 Order that Plaintiff have additional discovery on his ADEA claim, specifically on the issue of the alleged Tampa, Florida area meeting. The Court will direct that Defendant respond to Plaintiff's Interrogatories Nos. 7 and 20. The parties have stipulated to further depositions,

---

[8] The 2005 Discovery requests.

[9] Docket No. 71.

[10] *See* Docket No. 92.

and there is time for Defendant to timely supply the additional information prior to trial. The Court will affirm the striking of the remaining 2005 discovery requests. It is therefore

ORDERED that the Magistrate Judge's July 1, 2005, Order Denying Plaintiff's Motion to Compel and Granting Defendant's Motion to Strike is AFFIRMED IN PART as to the March 17, 2005 discovery requests except for Nos. 7 and 20 of Plaintiffs' Second Set of Interrogatories, which Defendant shall respond to no later than January 1, 2006.

DATED  December 5, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge